In one case this morning, and that is Bellon v. Superintendent Benner Township SCI, we will hear from you first, Mr. Weisman. I know you've had a full morning and appreciate your being here with us again. This morning I get to sit on the other side. It's a lot more fun. May it please the Court, Michael Weisman appearing on behalf of Charles Bellon. I'd like to reserve three minutes for rebuttal. Granted. So I'd like to start with an acknowledgement that in my opening brief, I clearly missed the boat on the question of ongoing appellate jurisdiction as it relates to whether COA is needed in this case. I did, I think, adequately address that in my reply brief as to why COA should not be required in this setting. However, if the Court wants to hear more on that, I'm happy to address it. However, I would prefer to use my time to get to the merits. Obviously, if the Court thinks there's sufficient merit to my claim, then COA would be granted. You'll be on our time as we're trying to figure these questions out. But the threshold question is the COA requirement and whether we're dealing here. I mean, you concede we have a final order in the denial of enforcement. Yes. It's in the context of a habeas proceeding. It is. And the nature of the proceeding is a challenge to his continued alleged illegal detention. Well, I would differ with Your Honor on that last point. If he were to prevail on this appeal, the result would simply be a resentencing in the manner that we have argued should have been granted to him in the first instance. It wouldn't be a release or retry. It would simply be a resentencing. How is that? I mean, we can't order a resentencing. The District Court granted a conditional writ. Doesn't that mean sort of binary relief? Either the State complies with the condition or the defendant is freed from custody. Those are the two options. So if you prevail, isn't the point you've prevailed because the State didn't comply and then your client is free from custody? Well, I think there would be an intermediate step, which is why I don't think his custody is at issue in this appeal. If we were to prevail, I would imagine this court's order would be back to the District Court, telling the District Court to order the State to conduct a proper resentencing or release. How do we ever order the State to do anything? This is a civil motion as against the superintendent, and there's just a condition that was placed by the District Court on the superintendent letting your client leave the facility. Yes. I mean, obviously the granting of the writ would be coercive. It's a conditional writ, and the ultimate remedy would be release if they didn't comply. However, that would take some additional steps until we got there. We are simply asking now for the resentencing. Obviously, if your honor doesn't agree with that point, then COA would be needed because custody would be at issue. I guess I'm trying to understand the relief then that you're asking, because is it to say that you get a second chance, State, to comply with the District Court's order? Yeah, I guess I wasn't thinking that this court would order, if we were to prevail, I wasn't thinking this court would order, okay, remand to the District Court with directions to release Mr. Bellin now. I would imagine that the State would be entitled to that second chance to do it properly, and that's why I didn't think custody was truly at issue. However, if your honors think custody is at issue, then I would agree a COA is needed. I would point out that the rationale for COA is to prevent frivolous appeals in the context of this motion to enforce, which, frankly, there aren't many of them out there. I haven't seen much on this. It wouldn't serve that purpose. Simple because there was prior appellate jurisdiction over this case, which there isn't, and that's why I missed the boat in my opening brief. I just lost my thought. If there isn't, even with appellate jurisdiction previously existing in this case, or in any case, that would not guarantee that the appeal coming to this court would not be frivolous. And I gave a couple of examples in my brief as to frivolous appeals that were brought on motions to enforce in cases where there was prior appellate jurisdiction. I hope I'm making that reasonably clear. So it's not serving the purpose of a COA, and that is the reason I also think that, leaving aside appellate jurisdiction, that COA is not required in a motion to enforce. It doesn't do anything to advance the goal of a COA or the purpose of a COA. Isn't that sort of chicken before the egg, if the reason that it's not required is that we've determined that it's not frivolous? I mean, is that the nature of the COA inquiry, that threshold inquiry to begin with? Yeah, I mean, I haven't thought about it as a chicken or an egg, but it's certainly the primary reason for COA is to prevent federal appellate courts from being overrun, overwhelmed, I should say, not overrun, by frivolous appeals. And you mentioned a couple of examples of frivolous appeals on motions to enforce. Yes, where there was prior appellate jurisdiction. My point is simply that the fact that there was prior appellate jurisdiction by itself does not ensure that there won't be a frivolous appeal on a motion to enforce. That's my point. So why doesn't a COA serve the purpose of filtering out frivolous appeals from denials of motions to enforce? Well, I guess it doesn't. It does or doesn't? It does not. If your honor is asking, could there still be a frivolous motion to enforce appeal? The answer is yes. So the COA would filter out the frivolous? Yes. Can we break that down to how it would do so? So the COA requirement requires debatability of a constitutional claim. And you would only get to a motion to enforce when a constitutional claim has already been declared meritorious by the district court. And so that wouldn't necessarily be met, right? And so where and how would it be able to screen anything out? Well, one of the other reasons why COA should not be required in this instance is because this is Mr. Bellin has already won his constitutional claim. And I make that point in the brief as well. I'm not sure if that answers your question. So are you saying that by the time we get to a motion to enforce a writ, then you have necessarily satisfied the COA requirement? That would be the point. Yes. Correct. So on that level, if that's the case, then it doesn't really matter if we require one or not. Right. I mean, once you've received, once you've been granted habeas relief, if you're seeking to enforce it, you will necessarily be able to appeal it. To appeal that motion. Right. That would be the point. Yes. What if your motion to enforce is asking for different relief than was included in the condition that was incorporated by the district court? Well, like the person that I cited in my brief who said he wanted to get out so he could prepare for his retrial. Clearly a frivolous appeal. Right. So I don't want to concede that a COA is needed, but I'm not sure I have any better answers for the court. Can we just back up a little bit to, you know, we've been referring to this as a motion to enforce. Do you consider this to be a Rule 70 motion to enforce or just another form of motion to enforce? My client styled it as a pro se, as a Rule 70 motion to enforce. That's right. But at this point, do you think that Rule 70 is the appropriate vehicle for seeking to enforce a conditional rent? Well, I imagine one could have styled it simply as motion to enforce, motion for execution of judgment. I mean, I frankly don't know how my client came to rely on that, but that's how he styled it. I'm not sure I would have styled it the same way. But the bottom line point is the same. The district court ordered something that the state did not comply with. Does Rule 70 fit where Rule 70 talks about a party and requiring a party to take action? Should the state court in this situation be considered a party? Well, it's the warden, technically, is the party. And the warden is represented by the state. I frankly haven't thought about it like that. The warden is not the one being asked to hold a different sentence. Right, right. The state is always the one who is being coerced by the grant of a conditional rent. So in that sense, they're always a quasi-party. I realize it's not necessarily that they are a party to the case, but the writ is always directed to the state. I'm not sure how it's any different here. Right? Create the new trial, state, or you've got to release them. Right? Well, one goes to rule-based and one goes to inherent powers of the district court. If you're talking about it being a power to enforce its own order or making the writ unconditional as opposed to a rule-based remedy, I think that's what we're asking you. Right. I frankly hadn't thought about the question of does Rule 70 have to be a party. This was a pro se pleading. If the court is concerned about whether this is a party, then we can knock off Rule 70 and just call it a motion to enforce. I think we get to the same place. May I address the merits? One more question. Okay, of course. So your client, when he was pro se, captioned this a motion for enforcement to require immediate release. So do you consider this to be a motion to make the writ absolute or just a motion to enforce that condition, give it a second chance? The latter. The latter. The latter. That's the way I've seen it. That's the way I believe I briefed it. My client may have had different ideas when he was pro se in a district court, but that's how I see it. It's a motion to obtain what the district court originally granted him, which is a proper resentencing. Now, obviously, the ultimate condition is release, and if you don't do that, it's hard to imagine that they wouldn't. So I imagine you're going to talk about, you know, and the merits talk about what the district court's order said, but if you could have written for the district court, if you could have submitted a proposed order in this case, had you been involved at that stage, what would an ideal proposed order say? Yeah, and I'm prepared to address that. The concept of least intervention when a writ is granted has been used by my opponent as a sword in this case. In other words, this was not a resentencing was not required because they only had to adjust the maximum. If I were submitting the proposed order in this case using the court's actual order, which said the state shall vacate the judgment of sentence imposed on petitioner and impose a new judgment of sentence, I would have stopped there. Instead, the district court went further and told the state how to fix it, adjust the maximum, and if you want to tinker with the rest of it, that's up to you. So I think that the least intervention doctrine was violated here when the district court told the state how to fix it, and Henderson v. Frank pretty clearly talks about how that's not a proper use of the district court's authority in this setting. Let me ask you something. What should we do with, you know, what you're reading from is the reporting recommendation, and that same language, although the district court order says that the reporting recommendation is adopted as an opinion of the court, the order then requires the imposition of, well, he will be released if there is not imposed a new judgment of sentence in which the maximum sentence as to counts 2, 3, 4, 5, 6, 7, 8, 10, 11, and 12 is 10 years. Correct. The language about there needing to be, the order being vacated is not there. What are we to do with that? I'm sorry, I'm not sure I'm following. Okay. The reporting recommendation, that's what you were reading from, that has a language about there being a need to vacate. That was from the reporting recommendation. The district court order does not have that language. Ah, gotcha. What do we do with it? Well, I think that that's in my favor, or in Mr. Billen's favor, because the district court set a rich hell issue with the court of common pleas, does not impose a new judgment of sentence. I think that's a proper order, all right? What the attorney general has been saying throughout, using this least intervention doctrine as a sword in this case, is, well, the district court told them, told the state, to just tinker with the maximums. And that goes beyond what they should have told the state about how to fix it. The order should have said, this is an illegal sentence, fix it. So working with what the order says, your position is the order said a rich hell issue if there's not a new judgment of sentence, and here there's not a new judgment of sentence. Well, right. According to the state, there was not a new judgment of sentence. So you anticipated probably what my next question is. What should we be looking at to determine whether or not there was a new judgment of sentence? Should we be looking at what a new judgment of sentence is under Pennsylvania law, or should I be thinking about what a new judgment is under federal law? Well, you know, that's an interesting question. And I understand the concept of, you know, supervising micromanaging the state courts is at issue here, and I certainly appreciate that. However, when a federal judge says, state, do X, they have in their mind what X is. And in this case, X is re-sentence him. And so the fact that the state, well, your question is, what is the court to take from that? The court is to take that when a federal court orders a re-sentencing, that's what should happen. My question is, when a federal court says a new judgment of sentence, am I to look to Pennsylvania law to determine what a new judgment of sentence is, or am I to look to federal law to determine what a new judgment of sentence is? Well, I think you have to look at state law. You have to see, I mean, maybe in a particular state the procedures would be, if someone is ordered to be re-sentenced because of an illegal sentence, you can just, quote, conform the sentence, which is what the AG is saying was the proper procedure in this case. No, so I think you have to look. You know, if the court ordered, you know, give this person a new trial, instead of picking a jury, they picked out a Ouija board and decided the case that way, I think no one would have a problem, obviously, in this exaggerated example, in saying that, you know, that's not a new trial, right? And the same thing happens here. You look at the state, you know, what happens when a person is re-sentenced as a result of the grant of a writ. And what happens is you're entitled, the defendant is entitled to a plenary re-sentencing, and that's all the cases that I've cited. And the attorney general has cited cases that nothing that says differently. There's no such thing in Pennsylvania law as conforming a sentence. There's no rule. There's no case that says that's appropriate. When someone is re-sentenced, they get a re-sentencing. It seems obvious. In your example of a writ requiring the state to retry someone, and they, you know, instead of picking a jury, they pick a Ouija board. Ultimately, in that example, I think we're going to carry through with this hypothetical, even after the Ouija board made its determination, there would be a judgment of sentence entered, and then the defendant would have the opportunity to challenge any improprieties in a New Jersey appeal and maybe eventually in a new habeas proceeding. So when is it a matter of, when is a challenge to how the writ was complied with, a matter for a new habeas proceeding as opposed to a matter for a motion? Right. And I think there's an order to it. And I think my client got it right when he chose to seek enforcement of the order. And, of course, he has another writ pending that's been stayed pending the resolution of his PCRA, challenging what went on, which, by the way, the state courts, as you know from the submissions, have found time-barred. I mean, this is really Kafkaesque in the sense that the state, you know, has said appellant's original sentence was not vacated and has said, we concluded, this is from the 2023 Superior Court opinion on page 4, we concluded that there was no new sentence. There was a new sentence. I mean, they tinkered with the maximums. It wasn't a proper new sentence because they didn't afford him all of the rights that a person has when they are being resentenced. But doesn't that go to the gestation that Judge Shreve was asking about, between what constitutes a new sentence or new judgment for state court purposes versus federal? You have Magwood. Right. You have arguments that you're going to be making in connection with that next petition that's already in the district court. But here, in terms of the sentence, the way that the sentence was imposed, what is the federal constitutional violation that goes along with the imposition of a sentence that now complies with the state statutory maximum? Right. So I think that the complete answer to Judge Freeman's question was that there's an order to it. And the first thing is the enforcement of the writ. If that's unsuccessful, then I think you could raise the federal constitutional claims, which, frankly, aren't before this Court now. The federal constitutional claims about Pennsylvania, I imagine, would be a due process argument. Pennsylvania says you get these ten things and they're resentencing. You didn't give any of them to Mr. Bellin, and, therefore, you violate a due process. That's not before this Court. That's in the next break. I think initially he was correct in seeking enforcement. I mean, not to mention the unfairness of having him have to wait years for the PCRA to get litigated and then work his way up through the district court. So, you know, in answer to your question, I think there is an order to these matters. He did the first most expeditious thing, which was seeking enforcement of a district court's order. If he's unsuccessful, I imagine he will press ahead with his writ, although that's a harder claim. So I thought in reading the Superior Court opinion, you commented that the Superior Court was incorrect because he did have a new sentence. But if he did have a new sentence, then why isn't that not the sentence, what was required by the district court? He had a sentence, but he didn't have a sentencing proceeding. I mean, for them to say there was no sentence, no new sentence, I think that's part of the euphemistic stuff that's been going on in this case. Sure. So Judge Montgomery was asking you earlier about the specific language of the district court's conditional writ that says, you know, the writ of habeas corpus shall issue if within 120 days the court of common pleas of Blair County does not impose a new judgment of sentence. And then it says more. So do you agree that it did impose a new judgment of sentence? It did, but it, well, you know, I'm not sure of the answer to that question because if you ask my opponent, he's going to say they conformed the sentence. Nobody in the state is willing to call this duck a duck. They are calling it something else. His sentence was only conformed. It wasn't a resentencing. And that's part of, I think, the result-oriented process that's gone on in the state court ever since my client won relief in the district court. Is it your position that it's a new judgment of sentence, but it remains illegal? Or is your position it's not a new judgment of sentence? Well, it is a new judgment of sentence. Yes, it is. And that's why they're wrong for saying he was sentenced in 2011, not in 2020. Right? So it's a judgment of, you know, it would just be like the Ouija board saying guilty. You know, yes, he has a new conviction. The Ouija board said he was guilty. You know, our position is using a Ouija board is not part of a trial process. That seems like a different claim and maybe a little different than I thought you were making in your brief because the condition here that is in the district court's order is that the ritual issue, the state has not imposed a new judgment of sentence. You agree that they did impose a new judgment of sentence. You have another claim about the way that they imposed it and whether the floor as well as the ceiling needs to be adjusted. But that's the subject matter, as you were saying, not before us, but in the other partitions. My point is, in that respect, is that if the process that's engaged in by the state courts in response to the district court's order is so foreign from what our district court would expect when they issue the order, then the order has not been complied with. That takes me back to your Ouija board example and a question that I was asking. It seems to me that a difference between the Ouija board example and what we have here is under the Ouija board example, I think when you started that example, there was an issue with the jury trial, right? There remains an issue. There still is fundamentally a violation of the Constitution, the United States Constitution. It sounds like a similar violation that existed originally, some problem with the trial. I'll put a little asterisk there. That's why I was trying to figure out, when I'm trying to figure out what a new judgment of sentence is, whether or not I look at state or federal law. You might imagine a situation where there is not a new judgment of sentence for some reason under a state law, but there's still not a violation of United States law or the United States Constitution. Right. I understand. So that's part of the reason I was trying to figure out, what am I really looking at? I think you're looking, in the first instance, in this proceeding, at state law. Did they perform what the district court reasonably could have expected them to perform? Did they use the Ouija board or did they pick a jury? Did they sentence him? Did they bring him to court? Did they give him notice? Did they give him an opportunity to advocate? Or did they just do what they did, conform the sentence? On the grit that's pending now would be the place to argue, oh, and by the way, they also violated the federal constitution. Okay. So I have two questions with that. One is, how could the district court get into addressing whether there were state law violations? I thought what you were saying is, did they comply with various procedural rules of the Pennsylvania courts? I mean, if a district court says, okay, I've ordered this person to be resentenced, or I ordered a new trial and they pulled out the Ouija board, state law doesn't envision using the Ouija board. It envisions a jury trial. State law envisions clearly. Every case you ever would look at in the resentencing context calls it a sentence. In a habeas context, isn't the issue not that state law doesn't envision a Ouija board, isn't the issue that there's a violation of the United States constitution? Of course. Yes. Always. Except when you're seeking enforcement of the judgment. That's the point. What is the authority for that? What's your best authority? I don't have a case. I've been doing habeas for 25 years. I've never seen a situation like this. I think the authority is, you know, just the inherent authority of a district court to enforce its judgments. So I think you'd agree that the judgment, the conditional writ, was intended to remedy the constitutional violation identified in Mr. Belin's original habeas petition. Right. And that couldn't possibly have foreseen that upon a proceeding in 2019 or 2020, he might be given a new sentence with, you know, a Ouija board or anything else. Right. So. So what I'm getting at is this conditional writ is only about the original error. Right. And it seems that anything else would be the subject of a future petition. Well, yes and no. I mean, it could be the subject of a future writ. But I think in the first instance, if the process, you know, employed by the state so deviated from what state law says should have happened, the judge, the district judge can say, look, I ordered a resentencing. You can get a resentencing. You know, you adjusted as maximum, albeit you cured the constitutional error. I mean, I have no dispute about that. But the manner in which it was done was result-oriented to avoid the application of Hyene to his case. And that's just wrong. All right. Mr. Weissman, why don't we hear from you again on rebuttal. Okay. I'd like to say I'm looking forward to it. Say a few words. Yes. May it please the court. Christopher Schmidt from the Pennsylvania Office of Attorney General for the Appellee. Belling needs to obtain a certificate of appealability for this court to exercise its appellate jurisdiction over this case in the first instance. If we consider this a true motion to enforce a conditional writ and the conditional writ already granted, conditional, but granted that conditional relief, why do we, why would a COA apply in that circumstance? Because the motion to enforce the conditional writ pertains to the adjudication of the underlying habeas petition. And that's what the Ninth Circuit in Rose relied on. So if you compare Rose to the Supreme Court's decision, say, in Harbeson, in Harbeson the Supreme Court said you don't need a certificate of appealability because in Harbeson the issue was does habeas counsel have the ability to represent the petitioner in a state court clemency proceeding. So the question is, is the underlying matter that the petitioner is trying to appeal from related to, sufficiently tethered to the underlying habeas adjudication, or is it wholly unrelated? Is it ancillary such as in Harbeson? So if you marry all of the cases, this court's decision in Gibbs, this court's decision in Mickens-Thomas, and Bracey with Rose, I think what you see the standard is not a question of is the motion procedural or substantive, but is it tethered to the underlying adjudication? And I don't see any daylight between the underlying adjudication, here the granting of the conditional writ by Judge Gibson, and the Rule 70 motion. They're both. I just want to step here a second on Rose. So when Rose was decided, it was building on a line of Ninth Circuit cases interpreting Harbeson that's just not present within this circuit. So if we're drawing just directly from Harbeson and then, of course, 2253, how does that get us to the result that you're asking for? It gets us there through this court's decision first starting in Bracey. So this court in Bracey said that a denial of a Rule 60B motion needs a certificate of appealability. And this court favorably cited the Supreme Court's decision in Harbeson and Gonzales and said that the Supreme Court noted in Gonzales that requiring a certificate of appealability in those Rule 60B cases was plausible, effective, and had a sound basis in Section 2253C1A. So the Ninth Circuit similarly in Rose said, just like in the Rule 60B cases, a Rule 70 motion is trying to enforce that conditional writ that the district judge issued. So it's going to the same type of relief.  Go ahead. Is there a fundamental difference between a Rule 60B motion and a motion to enforce? I mean, you've got a Rule 60B motion. It's saying, okay, you already lost. Please reconsider this. The court really got that wrong. You still lost. What you're asking the court to do is to change the underlying decision on the merits. It seems to me that in this type of motion, that's not what you're asking the court to do. You're saying the merits are the court got that right. I'm not asking you to do anything with that order. That order was absolutely right. I'm just asking you to determine whether or not there was compliance with the order, and if not, to do what the order said to do. Is there a fundamental difference that we should be thinking about here? There is a difference, but Judge Montgomery-Reeves, I think that imbues to our benefit because I think the Rule 70 motion is closer to the adjudication of the underlying writ, the writ of habeas corpus proceeding, than, as you said, the Rule 60B motion. The Rule 60B motion, as you said, is you got it wrong. We want you to get it right. This is closer to the adjudication of the habeas petition. They're saying you got it right, but it wasn't enforced properly in state court. They're asking for essentially the same type of relief that they received in the conditional writ. Again, I think when you read all these cases together, what it's essentially standing for is is the order that the petitioner is trying to appeal from pertaining to, relating to the adjudication of the underlying habeas petition. That triggers Section 2253C1A. Or is it a case like Harbeson where it's such an ancillary matter that's wholly unrelated to the adjudication of the habeas petition that a certificate of appealability is not needed? And also in Rose, that case is much more procedurally similar to this case than in Gibbs. So in Gibbs, the district court denied the conditional writ. This court directed that a conditional writ be issued. And that's similar to in Mickens-Thomas. In both of those cases, this court issued a mandate. That's why the court has continuing appellate jurisdiction. But in Rose, like here, the district court issued the conditional writ. Now, the Ninth Circuit did review the conditional writ, but it didn't issue a mandate. It just affirmed the remedy. So the Ninth Circuit said the petitioner, when trying to appeal from the Rule 70 motion, still has to meet the certificate of appealability standard in that case. And if the petitioner in this case or another case meets the certificate of appealability standard, this court could and should grant the appeal. So what is the COA standard that you think would be applicable here? Of course, we have to start with 2253C2, right, the substantial showing of the denial of a constitutional writ. Does he satisfy that? I don't think he satisfies that. And, Judge Freeman, if I'm understanding your question, are you asking me what the court's conclusion should be on obtaining a certificate of appealability or more on the merits of should he obtain a certificate of appealability? If we were to agree with you that a COA is required because this qualifies under 2253C1A, then our next inquiry, and maybe our only inquiry, would be whether there was a substantial showing of the denial of a constitutional writ. And what's your answer to that? There wasn't. And I think that this gets to, I think, the most critical time period of this over 20-year convoluted case. It's August 2019 through October 2019 as it pertains to the issue before this court. So with our concession, Magistrate Pesto recommended that a conditional writ be issued. Now myself and Bellin's then counsel were not exactly clear what that remedy would be. So I think we did what courts want parties to do in that situation. We contacted Magistrate Pesto. We had a conference call. And then he issued what I think is the most critical document in this convoluted case for this proceeding, and that's at Appendix 44 to 46. It's his memorandum order. It's ECF document number 78 below. He specifically disclaims in that memorandum order that his recommendation reaches the areas that they're arguing it does even up to today. He specifically disclaims that he was recommending that the state parole eligibility portion of the unlawful maximums could be reached, and he disclaimed that he could order an entire resentencing. But I think the question is whether there was a substantial showing of the denial of a constitutional right. And so you would have to agree that Magistrate Pesto and Judge Gibson both agreed that there was as to the original claim in the habeas petition. There was, and if I could just build up to Judge Freeman, I'm sorry if it's taking me a while, but if I could just build up a little further, I promise I'll get to a direct answer for you. So after Magistrate Pesto issues that clarification order, Judge Gibson issues his order, and he adopts Magistrate Pesto's two decisions as his opinion. Now, you heard Mr. Wiseman say that order by Judge Gibson should have said something different. Well, at that time, Bellin, with counsel, had all the information available to him. He could have asked this court for a certificate of appealability then, and he did at docket 19-3506, but he only sought a certificate of appealability from the denial of two guilt-face claims. So he did not challenge the four corners of the conditional writ that Judge Gibson issued and that adopted Magistrate Pesto's reasoning that disclaimed that it reaches the areas that Mr. Bellin is saying it reaches to this day. So we have had set in stone for over four years the language of the conditional writ, and that's why reasonable jurists wouldn't disagree, Judge Freeman, just to get to the heart of your question. That's why there isn't a substantial showing of a denial of a constitutional right in the limited nature of this Rule 70 motion, particularly when you factor in. This is an abuse of discretion standard. So for the denial of a constitutional right, are we supposed to be looking at the Rule 70 motion or at the underlying petition? So I think what you would have to look at here is did the state court's action constitute a denial of a constitutional right, and is it something that reasonable jurists would disagree about? And I think it's clear, based upon the language of Judge Gibson's order and his adoption of Magistrate Pesto's recommendation, that the state court clearly complied. And I also just want to return this court to – Just one second, though, because you just said we have to look at whether there was a constitutional violation involved with the state court proceeding in 2019, right? But I would have expected you to say that that was the subject for a new habeas petition. I do think it would be. I thought you were just pertaining to whether or not the state court complied with the language of the conditional writ. So, yes, if it's a separate constitutional right that Mr. Bellin is asserting, I agree with all of your inquiries toward the end of Mr. Wiseman's argument that a better avenue would be raise those claims in state court, exhaust them, and then return to the district court. Now, that's a separate proceeding, and I can't comment on what all of our positions would be, but I think it's fair to say that that would be at least a better track than in this case. But I think the key here, again, is with Rule 70. It's designed to prevent a party, and I know there's a question about is there a party here, but let's just assume the state court could be considered a party. It's designed to prevent that state court from refusing to comply with the conditional writ, from thwarting it, from essentially thumbing its nose at the federal court. I think that the record belies that. I mean, once Judge Gibson issued the conditional writ, I went to the superior court. I asked for a limited remand to correct the error. The superior court complied. We went to the state trial court. The trial court heard our arguments. The trial court issued an order that complied with Judge Gibson's conditional writ, corrected the unlawful maximums. I then sent a letter to Judge Gibson and informed him that the conditional writ was complied with. He has not ever issued the actual writ because it's been complied with. So, again, in the limited scope of what's before this court here, Judge Gibson, knowing what he wanted to have done, and it being an abuse of discretion standard, and the actions that occurred by our office and the state court, I just don't see how there could be a substantial showing of a denial of a constitutional right, anything that there would be a disagreement on when everyone seemed to be acting expeditiously and thoroughly to comply with the conditional writ. If I understand you correctly, you're saying that a COA is required. We are to look at what happened after the conditional writ issued and assess whether there was a substantial showing of the denial of a constitutional right with regard to the state court proceedings that were attempting to comply with the conditional writ. Is that correct? Right. On the last part, though, it would only be if the denial of a constitutional right related to the four corners of what the conditional writ said, not a separate claim. So what I understand the court's question to Mr. Wiseman towards the end of his presentation was, if Mr. Bellin thinks that when I went back to state court, there was another federal error that occurred, and let's say that federal error is I'm serving an illegal sentence, I should get the benefit of a lien, then what he would do then is raise a new claim and say, I should obtain a relief because this is an illegal sentence or I need an entire resentencing, exhaust that in state court, and then come back to the district court with a habeas petition. Now, he's done that, and again, I know that's not before this court, and it's been stayed so I can't say what all of our arguments would be, but I can say that at least in this circumstance, I think it's straightforward that Judge Gibson can't be reversed in this proceeding. I think it's fair to say it's not straightforward that he is not going to have at least a potential for relief in the other habeas proceeding. So just one more procedural question. Whether a COA is required or not. Let's say a COA is required, and hypothetically, we do issue a COA. What is our standard of review for determining, for reviewing the court's decision on the motion to enforce? So it's an abuse of discretion standard, and so again, particularly since Judge Gibson is the person to issue the conditional writ, I think it would be a very high bar for Bellin to reach to say that Judge Gibson relied on some prohibited consideration when he determined that the state court not only complied with the letter but the spirit of the conditional writ as also adopting Magistrate Pesto's recommendation to deny the certificate of appealability. And where are you getting the abuse of discretion standard from? Sure. I cited some cases from another circuit. I did find one third circuit case. I admit it's not unpublished, but it's PRI-HAR versus Attorney General 162 Federal Appendix 144. It's from this circuit in 2006. There are also cases from the 10th, 7th Federal, and 5th Circuit that apply that standard. And I think it's appropriate because, again, this is the district court judge who adjudicated the habeas petition. He or she would know best what he or she wanted to occur when he or she issued the conditional writ. I guess if we've issued a COA, it's hypothetical because we have held that there's been a substantial showing of the denial of a constitutional right. Generally, when we review constitutional issues, we're reviewing them to know about. So why would it be appropriate to apply only abuse of discretion? I think because of the unique nature of what Rule 70 is about. And Rule 70, again, is about saying, did this actor, in this case the state court, thumb its nose at the federal court? Did it refuse to comply? And since the federal court here, the district court, has the first crack at that and they knew what they wanted, that gives that court sufficient discretion to determine, yes, the state court complied, or no, the state court didn't comply. So I think that unique nature of the proceeding allows for the abuse of discretion standard. If that's the test for a true Rule 70 motion, that is, what a true Rule 70 motion addresses is simply a refusal to comply with the condition, then if there were a COA requirement, wouldn't it always be satisfied automatically? Can you say that again, Judge Krause? I'm sorry. If a true Rule 70 motion or this concept of enforcement, it only pertains and is properly characterized as a Rule 70 motion when the claim is that you were simply refusing to comply with a clearly stated condition of the original conditional writ, then why would a COA requirement serve any purpose? Well, I think it would still serve the purpose of sifting out frivolous from potentially meritorious appeals because you could have circumstances where the petitioner files a Rule 70 motion and it says, for example, in this case, imagine if the Rule 70 motion said, I should have gotten a new trial. And clearly, the four corners of the conditional writ only addressed sentencing relief. So requiring your certificate of appealability would allow this court to sift out that type of frivolous appeal from a potentially meritorious one. Why wouldn't we simply say that's, you know, we look to the substance, not the label that's placed on a motion. So why wouldn't we just say, that's not a true Rule 70 motion. This is raising of a new claim, and we aren't going to address this, you know, as a Rule 70 motion at all. We don't have to decide if it's a COA requirement, not a COA requirement. We're looking at what this actually is, and it's not a motion to enforce the judgment. Well, I think it still could be a motion to enforce a judgment in your example. It would just be a motion to enforce a judgment with a really bad argument or a really bad claim. But it would still be, I think, the petitioner, and it could be, you know, a pro se petitioner saying, I think that this conditional writ should be enforced, but the arguments or the claims it's putting forth underneath it are just really poor. So I don't think that would change the nature of the motion. It would just show that the motion really didn't have any merit. Well, the claim being poor, I'm not sure what that means. If the claim is you didn't comply with the condition, right? We often, like in the context of procedural default, we'll do a sort of sneak peek at, like, right, what is the actual nature of this thing? Sure. So why wouldn't we do that and say, actually, this has nothing to do with the condition? The condition was satisfied. You're raising a different condition that you would have liked the court to impose. And so that's a new claim. You know, deal with it appropriately. But this is not a Rule 70 motion or motion to enforce. Why wouldn't that be sort of one avenue and the other avenue be, this is a true Rule 70 motion, but serving the purpose that you indicated, we wouldn't need a COA because the adjudication of the original petition would have already concluded that there was a valid constitutional claim. Well, I think that that might relate back most closely to Bracey then. You know, I think what Bracey is basically saying in the Rule 60B context is, is this sufficiently tethered to the underlying adjudication of the habeas petition? So, again, it's not a question is, is it procedural or substantive, but is this closely tethered to the adjudication of the habeas petition? So if you have something before the district court that doesn't have much daylight between the adjudication of the habeas petition and what the new filing is, then that triggers Section 2253C1A. However, again, if it's something like Harbison where it's totally unrelated to the adjudication of the habeas petition, then Section 2253C1A wouldn't apply because it's too ancillary. It's too disconnected from the adjudication of the habeas petition. Again, I think the Ninth Circuit does a nice analysis in Rose and explains how when you have a conditional writ and then you have a Rule 70 motion to enforce it, those are very similar requests for relief, and it's hard to show that there's much daylight between the two of them, and then the statutory provisions of 2253C1A kick in. So you were being asked questions by my colleagues. You get past a certificate of appealability is required, and the question is what's the standard that applies, and how do we analyze this? It sounded to me like you, in describing whether or not a certificate would issue, answered the ultimate question. That is, in determining whether or not a certificate would issue, you walked through everything that the court did and said, does the court comply, yes or no? If the answer is yes, you don't need a certificate of appealability. If the answer is no, you do need a certificate of appealability. Did I miss something, or is that how you see the analysis? I'm sorry, Judge Montgomery-Reeves. Could you just walk me through that again? Sure. When Judge Freeman asked you what the standard was, she said, all right, let's assume we're with you on a COA. The next thing that we as judges have to do if we're writing an opinion is say, do you need one? She asked you what's the standard that applies, and then she pointed you to 2253C2 and said, issue only if the applicant has made a substantial showing of the denial of a constitutional right, and she asked you what that meant. Do you look at the original petition to determine whether or not there's been a denial of a constitutional right? And you said no. You focus on the conditional writ. You focus on the four corners of that, and you look at what the court did, and you determine whether or not there's an issue with that, and then you walked her through everything that happened here. There were letters. There were calls. There were all sorts of things. You can't get there here. So as I hear that, I think, wait a minute, so in determining whether or not there should be a COA granted, you are telling us that we should walk through the exact same analysis that we would if we grant a COA. I'm asking if I'm missing something. Right. I don't know that it would be the exact same analysis, but I think that in any COA context, there has to be some review of the facts, the law, and the decision below, right, to see if it would meet the showing of the denial, a substantial showing of the denial of a constitutional right or something where reasonable jurors would disagree, right? So there has to be some analysis. And I think what I would say in this circumstance is, you know, we have over, obviously, a 20-year history, and I think just looking at that key time frame that I pointed out wouldn't be doing a full merits review, but it would be looking at that relevant time frame, and I would just point the court back to that again. I think we even heard, you know, Mr. Wiseman say the conditional writ should have said something different. If he thought it should have said something different, Bellin's then counsel should have sought this court's review earlier when he only sought a certificate of appealability on two issues. I also just want to address a few other things Mr. Wiseman said. He also mentions this in his reply brief at page four. I believe I heard him say that this isn't about the custody of Bellin at this point. Well, federal habeas can only reach a situation where it's dealing with the custody of a state inmate. That's what Magistrate Pesto was explaining when he couldn't order a full state court resentencing. He couldn't order that the state court reassess the state parole eligibility minimum. And he also accurately stated that, you know, in Pennsylvania the sentence is actually the aggregate total. You know, I'm sure the court's all aware, you know, we use these terms like a five to ten year sentence, a ten to twenty year sentence in Pennsylvania. But the sentences in those examples are actually ten years or twenty years. The first number is just can the grace of parole be granted? That's wholly an issue of state law, as Magistrate Pesto explained. So if they're disclaiming that this is about Bellin's custody at this point, but it's about him getting a full resentencing, that's what I'm hearing that their claim seems to be now. How is it really any different? I mean, there's a statutory maximum that was exceeded initially, but it's also statutory that parole eligibility can be no greater than half of that sentence that's actually imposed, right? Well, in most cases, but not in Bellin's case, because he was sentenced before a lien. So the seven year mandatory minimum is applied. I understand that that comes into play. But in terms of whether as a matter of the imposition of a legal sentence under state law, why wouldn't the, why doesn't that just point up the need for a full resentencing? Because it's the operation of state law that requires an adjustment, not just to the ceiling, but also to the floor. So I think a couple things in response to that, Judge Krause. There are two PA Supreme Court decisions, Commonwealth versus Ramos, R-A-M-O-S, that's 83-8. It's in the briefs. I'm sorry. And Commonwealth versus Bell. I'm not sure if that's in the briefs, 645 A2D211. But in both of those cases, the Pennsylvania Supreme Court has said under state law, when the mandatory minimum applies and it's greater than half the maximum, then the appropriate sentence is apply the mandatory minimum even though it's greater than half of the maximum. So there wouldn't be any legal sentence here. And there isn't because of the procedural posture is Bellin was sentenced before a lien. And in fact, just think about it this way. If Bellin was sentenced to 7 to 10 years originally, none of us would be here because there wouldn't be any federal error. That would have been lawful under state law. That would have been – there wouldn't be any federal due process violation. So he has already been returned to a point now that is lawful under state law and federal law. If that was what was originally imposed when he was sentenced, he could have not been successful in the district court. Again, none of us would be here at this point in time because there wouldn't have been a valid federal habeas claim. I also just wanted to address Bellin's contention about the Commonwealth trying to avoid a lien. I think even their reply brief, they say that lurking behind our position is a desire to prevent Bellin from receiving a lien. And I think, again, that's belied by our actions. I know I personally have had cases even in Blair County, the same county as Bellin, where we have conceded to defendants receiving a resentencing based on a lien because the procedural posture of their case allowed that. And those defendants received a resentencing. If the Supreme Court, for example, tomorrow said that a lien applied retroactively and Bellin filed a serial habeas petition within one year, well, we would concede that he gets the benefit of a lien. He acknowledges that that's a follow-on to the imposition of a true new judgment under state law. But he's saying that the Commonwealth is avoiding the imposition of a lien. In reality, under Pennsylvania law, there doesn't appear to be a mechanism for just capping off. You know, if there was an illegal sentence imposed, just capping that sentence and not making it, you know, under the statute a statement in open court, right, holding another hearing in open court. That seems like it's part of the text of the statute, doesn't it? Well, I would say that the Lesko decision provides for the relief that occurred here under state law. And under Lesko, the court extensively described, as this court has, the very limited nature of federal habeas to correct extreme malfunctions in state court and its limited remedies to apply only the least amount of intervention in the state court proceedings. And in Lesko, it even says, all portions of a judgment remain final except for the portion that's disturbed by the federal habeas order. And I think in the opinion, it even bolds the word final. And again, I think that inherently goes back to, though, an issue of state law. And I think that goes back to Your Honor's questions, again, towards the end of Mr. Wiseman's presentation, that if his real claim is now, when I went back to state court and the state court was addressing the conditional writ and I thought that there was some other federal right that I deserve to have exercised in those state court proceedings, the better avenue is to raise that in state court, try to exhaust it in state court, and then go back to the district court and try and raise that in another habeas. Now, again, I know that's not before the court and I can't put forth our positions on it, but I would also direct the court's attention to Appendix 46. Judge Pesto, in his memorandum order, seems to contemplate that scenario. If you look at the last paragraph of his memorandum order, I think he says, you know, if I'm wrong about my initial recommendation that- That's what's already happened here, right? That's what's already happened here. Right. And he's challenging, although the state court seemed to say that it was time-barred, I mean, to the extent what he's challenging is the failure to impose, to sort of adjust the floor, that is, to make this under state law a new, a true new judgment of sentence, that wasn't even an error that existed before, right? That followed with the judgment that was imposed as a result of the conditional writ. Well, I don't know that it even follows, again, because based upon the PA Supreme Court's decision in Ramos and Bell, if he was sentenced to seven to ten years originally, there wouldn't be any state law error or any federal law error. So I don't think the correction of the unlawful maximums opens the door to addressing the seven-year minimum. That's a chicken-and-egg problem, right? Because he would say, look, you have to do a new sentence under state law, and that would mean that we're not even looking at the seven-year minimum anymore. That would be part of the new sentence, but in the new sentencing proceeding, now no longer applies. That's the argument. That's not what's before us, though, right? I agree, and I think that's basically, again, the fatal flaw here, that as Mr. Wiseman even indicated, that he is saying the conditional writ issued by Judge Gibson in September of 2019 should have said something different. And if they thought it should have said something different, if they think it should have said more, such as there should be an entire resentencing in state court, the state court should address the minimum sentence for each count, even the counts that didn't include a federal error. They could have come to this court when they filed their certificate of appealability from Judge Gibson's order that denied guilt phase relief, and they could have said this court should exercise its jurisdiction and it should direct that the scope of the conditional writ be expanded, and the state court would then have to abide by that. I think we understand the argument. We'll hear from you, Mr. Wiseman, on rebuttal. Thank you. Thank you. I think I have something helpful to say on CLA. So from what I've heard from my opponent, CLA could never be granted in a motion to enforce because, by definition, you're not talking about the denial of a constitutional right in the actual, you know, motion to enforce. They didn't resentence me pursuant to the order that this court has issued, therefore tell them to resentence me, order them to resentence me. That's not a denial of a constitutional right. That's a denial of state law, which is part of the district court's order. So the idea that, well, the COA on the order, I'm sorry, the point that my opponent is making that he should have sought COA on the original appeal from the district court's order, what I call the more intervention than should have been, that's pretty extraordinary because nobody would have envisioned, certainly not the district court or anyone else, that when you were ordered to be resentenced, that a resentencing wouldn't happen. I mean, you're saying that now, but the district court's original conditional writ, it incorporated not only the, you know, adopted not only the magistrate's original report and recommendation, but also its memorandum sort of expounding on what it was recommending as a result of that telephone call. And these issues about the implementation under state law were raised there and were rejected by the magistrate. So why should we, I mean, you're sort of asking us to, you know, interpret the district court's order in a way that the district court seems to have already rejected. That only, it's a different point. The point I'm trying to make is that when the district court ordered that he should be resentenced, Mr. Bellin would have had no reason to think that he wouldn't then go back to state court and be resentenced in a proper resentencing proceeding with all of the rights that he's entitled to. But then why did he raise the arguments he did about whether this was truly being, meant to be making? I think what he was trying to argue then, and I wasn't there, but what I think he was trying to argue was that the state court can adjust the minimum as well as the maximum. And that's what Magistrate Pesto addressed in his subsequent memorandum. I'm only dealing with the maximum. That's a different question than whether when you go back to state court, can you have a full sentencing proceeding at which all of your rights are afforded to you, and you can make arguments about, hey, you should also adjust the minimum in this case. None of that happened. But where is any constitutional violation in, a federal constitutional violation in that? I mean, keep in mind, we have like now the experience with the Fair Sentencing Act, the First Step Act, where as federal courts, we don't require there to be a plenary sentencing proceeding. We send something back, right? I'm not suggesting that there is a federal constitutional violation in what happened. That's for the pending writ right now. That will be addressed there. I am simply arguing, simply is a misnomer. I am arguing that the motion to enforce addresses the affording him of a full sentencing proceeding. And that's the inherent in the district court's order, regardless of what was going to happen at that proceeding. Can you mess with the, can you adjust the minimum, or can you only perform the maximum? I think we've gone on significantly over time, but we appreciate the arguments. You've both been very helpful. Unless my colleagues have additional questions at this point. Thank you. We'll take it under advisement. And thank both counsel for your briefing and arguments in this very interesting appeal.